**Kyle A. Sturm, OSB 080214**
kyle@foremansturm.com
**Nicholas A. Thede, OSB 075460**
nick@foremansturm.com
FOREMAN STURM & THEDE LLP
P.O. Box. 13098
Portland, Oregon 97213
T: 503.206.5824

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DR. HERBERT SEMLER and SHIRLEY SEMLER, individuals,<br><br>    Plaintiffs,<br><br>  v.<br><br>CHARTIS PROPERTY CASUALTY COMPANY, a Pennsylvania company,<br><br>    Defendant. | Case No.<br><br>COMPLAINT<br><br>**DEMAND FOR JURY TRIAL** |

  COMES NOW plaintiffs Dr. Herbert Semler and Shirley Semler, and for their claims against defendant Chartis Property Casualty Company, alleges as follows:

### PARTIES

  1. Dr. Herbert Semler and Shirley Semler ("the Semlers") are individuals that reside in Clark County, Washington. They also own a beach house that is the subject of this dispute, which is located at 1808 N. Ocean Avenue, Gearhart, Oregon 97138 ("the Property").

2. Chartis Property Casualty Company ("Chartis") is a foreign insurance company that is licensed and authorized to issue insurance policies covering properties in Oregon. Chartis sold the insurance policy at issue.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the parties because Chartis regularly transacts business in Oregon and sold the subject insurance policy covering the Property in Clatsop County, Oregon.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.

5. Venue lies in this Court pursuant to 28 U.S.C. § 1391(a) because the events that gave rise to this action occurred in Clatsop County, Oregon.

## FACTUAL ALLEGATIONS

6. In 2012, the Property was damaged by water.

7. The Semlers insured the Property through Chartis under policy number 0009839539, which was effective when the damage occurred ("the Policy").

8. The Policy was issued for valuable consideration in the form of premiums.

9. The Semlers paid all premiums as they became due and performed all obligations required under the terms of the Policy.

10. The Semlers submitted a timely claim to Chartis under the Policy, seeking insurance benefits for the water damage to the Property ("the Claim").

11. Chartis accepted coverage for the Claim.

12. Chartis failed to pay the full amount owing under the terms of the Policy.

13. Chartis continued its investigation and adjustment of the Claim through the fall of 2017, which included requesting additional documents from the Semlers and conducting a site visit.

14. The Semlers continued to cooperate with Chartis' requests and to incur expenses in response to and in reliance on Chartis' statements.

15. As provided in the Policy, the Semlers demanded an appraisal to determine the amount of damages to the Property.

16. After the Semlers invoked the appraisal clause in the Policy, Chartis responded by informing the Semlers that the Claim was closed and that no further amounts would be paid.

17. Ignoring the years-long adjustment and the course of conduct during the Claim, Chartis asserted a contractual suit limitation in the Policy which purports to limit the time in which the Semlers must file a lawsuit against Chartis.

18. Chartis never informed the Semlers of any contractual suit limitation provision as it is required to do by OAR 836-080-0235(6).

19. Chartis induced the Semlers into delaying filing a lawsuit by continuing to request information for purposes of resolving the claim and otherwise advising the Semlers that the Claim could be resolved without a lawsuit.

20. As a result of Chartis' failure to fully pay all covered damage, the Semlers have been damaged in an amount exceeding $75,000.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Breach of Contract

21. The Semlers incorporate all the preceding paragraphs as if fully set forth herein.

22. The Policy issued by Chartis constitutes a valid, enforceable contract.

23. Chartis had a contractual duty to the Semlers to pay all insurance claims in accordance with the terms of the Policy.

24. Chartis breached the terms of the Policy by failing to pay all benefits owed to the Semlers.

25. As a result of the breach by Chartis, the Semlers have suffered direct and consequential damages in an amount exceeding $75,000.

26. The Semlers are entitled to recover their attorney fees and costs from Chartis pursuant to ORS 742.061.

## SECOND CLAIM FOR RELIEF

### Breach of the Implied Covenant of Good Faith

27. The Semlers incorporate all the preceding paragraphs as if fully set forth herein.

28. The implied terms of the Policy include Chartis' promise to act in good faith and deal fairly with the Semlers in all matters related to the Policy, including the investigation, adjustment, and payment of the Claim.

29. Chartis violated the implied covenant of good faith and fair dealing during its evaluation and investigation of the Claim in many ways, including:

   a. Failing to pay the Semlers for damage sustained to the Property without a reasonable basis;

   b. Forcing the Semlers to retain counsel to file a lawsuit to receive policy benefits;

   c. Failing or refusing to fully and promptly investigate and ascertain the Semlers' damages;

   d. Unreasonably delaying payment of payment of the Semlers' damages;

   e. Failing or refusing to adjust the Semlers' claims in a fair and reasonable manner; and

   f. Refusing the Semlers' demand for appraisal without a reasonable basis.

30. Chartis' refusal to act in good faith constitutes a breach of the Policy.

31. As a result of Chartis' breach of the implied covenant of good faith and fair dealing, the Semlers have been damaged in an amount exceeding $75,000.

32. The Semlers are entitled to recover their attorney fees and costs from Chartis pursuant to ORS 742.061.

## THIRD CLAIM FOR RELIEF

### Negligence *Per Se*

33. The Semlers incorporate all the preceding paragraphs as if fully set forth herein.

34. Oregon law requires Chartis to comply with the Oregon Unfair Claims Settlement Practices Act, ORS 746.230 *et seq.*, which establishes as a matter of law the applicable standard of care to be followed by Chartis in investigating, adjusting, and paying the Semlers' Claim.

35. Chartis' claims handling and conduct in connection with the Semlers' claim for coverage under the policy were negligent *per se*, and were designed to make the Semlers compromise valid claims to accept less than they were due under the Policy.

36. Chartis' conduct, as alleged above, breached the standard of care owed to the Semlers in many ways, including:

   a. Misrepresenting facts or policy provisions in settling claims in violation of ORS 746.230(1)(a);

   b. Failing to acknowledge and act promptly upon communications relating to claims in violation of ORS 746.230(1)(b);

   c. Refusing to adopt and implement reasonable standards for the prompt investigation of claims in violation of ORS 746.230(1)(c);

   d. Refusing to pay claims without conducting a reasonable investigation based on all available information in violation of ORS 746.230(1)(d);

   e. Failing to affirm or deny coverage of claims within a reasonable time after completed proof of loss statements have been submitted in violation of ORS 746.230(1)(e);

   f. Not attempting, in good faith, to promptly and equitably settle claims in which liability has become reasonably clear in violation of ORS 746.230(1)(f);

   g. Compelling claimants to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimants in violation of ORS 746.230(1)(g);

   h. Failing to promptly provide the proper explanation of the basis relied on in the insurance policy in relation to the facts or applicable law for the denial of a claim in violation of ORS 746.230(1)(m).

37. The Semlers, as policyholders under the Policy, are and at all material times were members of the class of persons to be protected under ORS 746.230 *et seq*.

38. As a result of Chartis' breach of the applicable standard or care, the Semlers have been damaged in an amount exceeding $75,000, including the failure to pay the amount necessary to repair the property damage described herein, foreseeable consequential damages, and all other compensable damages.

39. The damages suffered by the Semlers are the type that ORS 746.230 *et seq.* was intended to prevent.

40. It was foreseeable to Chartis that the Semlers would suffer the additional damages as a consequence of Chartis' negligence.

41. The Semlers are entitled to recover their attorney fees pursuant to ORS 742.061.

### FOURTH CLAIM FOR RELIEF

### Waiver and/or Estoppel

42. The Semlers incorporate all of the preceding paragraphs as if fully set forth herein.

43. Chartis' conduct and statements detailed above constitute an intentional relinquishment of Chartis' right to rely upon any time-based provision of the Policy, including those on proofs of loss, repair and replacement, and suit limitation.

44. Chartis, through its conduct and statements, also induced the Semlers' to delay filing this lawsuit and to otherwise comply with any time-based provisions on the Policy.

45. The Semlers reasonably relied upon Chartis' conduct and statements by incurring costs, delaying filing this lawsuit, and otherwise complying with any time-based provisions on the Policy.

46. As a result, Chartis is precluded from relying upon any time-based provisions of the Policy, including those on proofs of loss, repair and replacement, and suit limitation.

### FIFTH CLAIM FOR RELIEF

### Unclean Hands

47. The Semlers incorporate all of the preceding paragraphs as if fully set forth herein.

48. Chartis acted in bad faith during the investigation, adjustment and payment of the Claim.

49. As a result, Chartis is precluded from relying upon any contractual suit limitation period in the Policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. On the First, Second and Third Claims for Relief, that judgment be entered in their favor, and against Chartis, in an amount to be proven at trial, in excess of $75,000.

2. On the Fourth and Fifth Claims for Relief, for an Order that Chartis is precluded from relying upon any time-based provisions of the Policy.

3. That they recover pre-judgment and post-judgment interest at the maximum legal rate.

4. That they recover attorney fees and costs pursuant to ORS 742.061.

5. That they recover expert fees and costs.

6. That they be awarded such other relief as is just and proper.

DATED this 13th day of April, 2018.

FOREMAN STURM & THEDE, LLP

By: */s/ Kyle A. Sturm*
Kyle A. Sturm, OSB No. 080214
E-mail: kyle@foremansturm.com
Nicholas A. Thede, OSB No. 075460
E-mail: nick@foremansturm.com

Attorneys for Plaintiffs